IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 109-073 |
| | ) | |
| DERRICK D. KING | ) | |

# ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Derrick D. King. The United States of America, by and through its attorney, Joseph D. Newman, Acting United States Attorney, and Nancy C. Greenwood, Assistant United States Attorney, has filed a combined response to these motions.

Although Defendant did not file a specific motion for discovery, the government states that it has provided "open file" discovery in this case. The government has provided approximately 2,535 pages of discovery material, and 11 DVDs containing recorded phone calls and summaries of those calls; additional recordings were made available for review at the office of the Federal Bureau of Investigation ("FBI"). The discovery materials include, *inter alia*, the investigation reports of the FBI and the United States Attorney's Office (attorney and agent work product excepted, and personal identification information redacted). All known statements by Defendant have also been produced, as has his criminal record. The results of any scientific tests have been provided in the discovery materials, but if any further tests are conducted, the results will be provided upon their receipt. In any event, the

Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case would render any such specific motion for discovery **MOOT**.

However, to ensure that there are no outstanding discovery requests, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing existing disputes or unresolved items, if any, that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## MOTION TO DISCLOSE BAD ACTS OR PRIOR CRIMES OF WITNESSES

Defendant seeks disclosure of prior criminal conduct and uncharged bad acts of witnesses. (Doc. no. 164). The Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. <u>United States v. Yates</u>, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); <u>United States v. Lyons</u>, 403 F.3d 1248, 1255-56 (11th Cir. 2005); <u>United States v. Novaton</u>, 271 F.3d 968, 997 (11th Cir. 2001); <u>United States v. Baptista-Rodriguez</u>, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows

2

cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover, the government has stated its willingness to provide, one week prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Evid. 609. (Doc. no. 196, p. 2). Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's motion is **DENIED**.

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 165). To some extent, Defendant's requests exceed the scope of Brady. Brady material includes information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This motion is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION TO COMPEL DISCLOSURE OF PROMISES OF IMMUNITY

Defendant has moved to have the government provide him with any promises of immunity, leniency or preferential treatment made by the government to any prosecution witness, informant or cooperating defendant, including copies of applicable indictments and plea agreements. The government has agreed to provide this material to the defense (doc. no. 196, p. 2), thereby making this motion **MOOT**.[1] (Doc. no. 167).

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and inconvenience to the Court and jury. The government does not oppose the motion.[2] The government is **INSTRUCTED** to provide Jencks Act materials seven (7) days prior to trial to provide defense counsel a meaningful opportunity to assess these statements. (Doc. no. 175).

---

[1] The brief in support of Defendant's motion to disclose promises of immunity was mistakenly docketed as a separate motion. (See doc. no. 173). The **CLERK** is **DIRECTED** to terminate that entry from the pending motions report.

[2] Indeed, the government states that it is willing to provide Jencks Act materials, including grand jury transcripts, one week prior to trial. (Doc. no. 196, p. 2)

4

## MOTION FOR DISCLOSURE OF DOCUMENTS AND TANGIBLE OBJECTS

The government has indicated its willingness to comply with this request by virtue of its "open file" discovery policy, and Defendant's request is therefore, **MOOT**. (Doc. no. 176).

## MOTIONS FOR RECIPROCAL DISCOVERY and NOTICE OF EXPERT TESTIMONY

These motions filed by the government seek reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, these motions are **GRANTED**. (Doc. nos. 197-1, 197-2).

SO ORDERED this 27th day of October, 2009, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE