U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court
12:03 P.M.
Jan. 7, 2010
_____
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT NO. CR 109-073 |
| ) | |
| DERRICK D. KING, ) | |
| aka "Dirty Red" and "Dirt," ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

DEFENDANT'S NAME:         DERRICK D. KING

DEFENSE COUNSEL:          J. EDWARD ENOCH, JR.

ASSISTANT U.S. ATTORNEY:  NANCY C. GREENWOOD

========================================================================

### OFFENSES CHARGED:

**Count 1:**  21 U.S.C. §§ 846, 841 (b)(1)
Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Cocaine Base

**Count 21:**  21 U.S.C. §§ 841 (a)(1), (b)(1)
Possession With Intent to Distribute 50 Grams or More of Cocaine Base

**Count 24:**  18 U.S.C. § 924(c)
Possession of a Firearm in Furtherance of a Drug Trafficking Crime

**Count 32:**  18 U.S.C. §§ 922(g)(1), 924(a)(2)
Felon in Possession of a Firearm

**Forfeiture Allegation:**  21 U.S.C. § 853, 18 U.S.C. § 2461(c), 18 U.S.C. § 924(d)

### COUNT PLEADING TO PURSUANT TO PLEA AGREEMENT:

**Count 1:**  21 U.S.C. §§ 846, 841 (b)(1)
Conspiracy to Distribute and Possess With Intent to Distribute Cocaine Hydrochloride and 5 Grams or More of Cocaine Base
**(Lesser Included Offense)**

**PENALTY:**

Not less than 5 Years Nor More than 40 Years Imprisonment, a Fine of Not More than $2,000,000, or Both; at Least 4 Years Supervised Release; and a $100 Special Assessment.

**ELEMENTS OF OFFENSE:**

FIRST:   That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

SECOND:  That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

THIRD:   That the object of the unlawful plan was to distribute and posses with intent to distribute cocaine hydrochloride and more than 5 grams of Cocaine Base (Crack).

## PLEA AGREEMENT

Nancy C. Greenwood, Assistant United States Attorney, and the J. Edward Enoch, Jr., counsel for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charge pending in the indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

### GOVERNMENT OBLIGATIONS

1. Upon the defendant's entry of a plea of guilty to the lesser included offense to the offense charged in Count 1 of the Indictment, his full compliance with all promises made hereinafter as a part of this agreement, and his adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

  a. will dismiss the remaining counts of the Indictment against Defendant;

2

    b will not object to a recommendation from the probation officer that the defendant receive a 2-point reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines, and where applicable under the U.S.S.G. § 3E1.1(b), will file a motion for an additional 1-point reduction for acceptance of responsibility, provided the defendant truthfully admits the conduct comprising the offenses of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under the United States Sentencing Guidelines;

    c. Will advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant, and to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 or Fed. R. Crim. Pro. 35.

    If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 and under the policies of the United States Attorney's Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If the defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and Rule 35, Fed. R. Crim. Pro. and under the policies of the United States Attorney's Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and

3

departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of sentence.

In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government. If the government files a motion for downward departure pursuant to this agreement, the government reserves the right to either take no position as to the appropriate amount of departure and defer entirely to the Court, or, in its discretion, to make any recommendation it deems appropriate respecting the degree of departure.

**The defendant fully understands that whether or not the sentencing court decides to depart downward below a guideline range or statutory minimum sentence, or reduce the defendant's sentence, as well as the extent of any such downward departure or reduction, is completely within the sentencing court's discretion, and that the Court is not bound to accept any recommendation by the government.**

    d.  Agrees that, in accordance with U.S.S.G. §1B1.8, any information the defendant provides to the government from the date of this agreement forward concerning unlawful activities by the defendant and/or others, will not be used against the defendant in determining the applicable guideline range;

    e.  Agrees not to seek to enhance defendant's sentence under 21 U.S.C. § 851; and

    f.  ~~Will stipulate to the facts set forth in the Factual Basis with regard to relevant conduct.~~

## OBLIGATIONS OF THE DEFENDANT

2. THE DEFENDANT AGREES:

    a.  to plead guilty to a lesser included offense of Count 1 of the Indictment;

4

   b. Agrees to cooperate truthfully and completely at all times;

COOPERATION PROVISION

THE DEFENDANT AGREES:

(1) To provide full, complete, and candid cooperation with federal, state, and local authorities by following all reasonable requests of law enforcement agents, which may include, in addition to a full disclosure of all criminal activities of which the defendant has knowledge and a full and truthful answer to any question put to him by law enforcement officers, the affirmative gathering of evidence under the direction of law enforcement authorities (such as, but not limited to, wearing or operating recording or transmitting devices for the monitoring of conversations between the defendant and others, and the disclosure and relinquishment of any documents or physical items of evidentiary value in the defendant's possession or held for the defendant by others;

(2) To testify truthfully and completely before any grand jury, trial jury, or in any proceeding preliminary or ancillary thereto, to which the information provided under this agreement may pertain, and to waive any privileges which the defendant may have with regard to such testimony.

(3) That for the purpose of complying with the terms of this cooperation agreement, the defendant will meet with law enforcement agents and/or counsel for the government at times and places of their choosing, as may be necessary to discharge the defendant's obligations under this agreement, and in connection therewith the defendant waives any right to the presence of his counsel during such meetings.

(4) That the defendant is required at all times to give complete, truthful, and accurate evidence and testimony when call upon to do so by the government or another defendant; That the defendant is not called upon by this agreement nor any other to implicate any particular

5

individual as to any particular illegal activity, nor to "make a case" against anyone; That the defendant's benefits under this agreement are conditioned solely upon his cooperation and truthfulness, and are IN NO WAY conditioned upon the outcome of any trial, grand jury, or other proceeding;

(5) That if there is any failure to completely fulfill the obligations of this agreement, then the government is thereby released from any commitment to honor its promises hereunder. Thus, should the defendant knowingly give false, incomplete, or misleading testimony or information, or conceal material information, the government will be free to: prosecute the defendant for all violations of the criminal laws the defendant has committed, including those which the defendant disclosed as a part of the defendant's cooperation under this agreement; to use against the defendant in any prosecution or sentencing any statements the defendant made during the course of cooperation under this agreement; to seek and recommend maximum sentences and all applicable sentence enhancements on any conviction obtained; to seek forfeiture of any and all properties subject thereto; and to prosecute the defendant additionally for perjury, false statement, and obstruction of justice. (If the parties disagree as to whether a breach of this agreement has occurred, the defendant agrees that the matter will be submitted to the court for resolution on a preponderance of the evidence standard, with the moving party bearing the burden of proof.)

(6) That the defendant must promptly turn over to government authorities or disclose the location of any evidence pertinent to the matter under indictment or matters disclosed as a part of the defendant's cooperation, such as, but not limited to, papers, documents, recordings (audio and video), photographs and any other physical items.

(7) The defendant agrees to waive all rights under the Speedy Trial Act, if necessary, to delay sentencing until the completion of substantial portions of the defendant's cooperation, so as to provide the sentencing court with all relevant information.

  c. LIMITED WAIVER OF APPEAL:

Understanding that 18 U.S.C. § 3742 provides for an appeal by a defendant of the sentence under certain circumstances, as a part of this agreement and in consideration for the government's promises hereunder, to the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence. And,

  d. ~~Will stipulate to the facts set forth in the Factual Basis with regard to relevant conduct.~~ 

  3. **The defendant also understands that in accordance with <u>United States v. Booker</u>, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

  4. <u>DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT</u>

    a. FACTUAL BASIS

7

The defendant understands that a lesser included offense of Count 1 of the Indictment charges that between on or about April, 2008, and continuing until the date of the return of the indictment, in Richmond County, within the Southern District of Georgia, and elsewhere, the defendant, DERRICK D. KING, aka "Dirty Red" and "Dirt,", did knowingly and intentionally combine, conspire, confederate, and agree together with REGINALD DARRELL BEALE and other persons known and unknown, to commit certain offenses against the United States, that is,

(1) to possess with intent to distribute and to distribute five grams or more of cocaine base, a Schedule II controlled substance; and

(2) to possess with intent to distribute and distribute a quantity of cocaine hydrochloride a Schedule II controlled substance;

in violation of Title 21, United States Code, Sections 841(a)(1); all done in violation of Title 21, United States Code, Section 846, and that the defendant's guilty plea constitutes proof as to that count.

~~The parties further agree and stipulate for the purposes of relevant conduct and the sentencing guideline calculation, that based on the corroborated evidence available to the government prior to Defendant's cooperation, the drug quantity attributable to this defendant is between 50 and 150 grams of crack cocaine.~~ D.K. [initials]

The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

8

The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

The defendant further advises the Court that the defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U.S. Probation Office will consider all of defendant's conduct related to the offenses to which he is pleading, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.

**The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw his guilty plea.**

b. FINES, ASSESSMENTS, AND FORFEITURES

The defendant understands that any assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing.

The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of

9

sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge and belief, and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

### c. FOIA AND PRIVACY ACT WAIVER

The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

### 5. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT:

a. The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charge in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the

defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

  b. The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

  c. The defendant represents to the Court that he has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalties provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out in paragraph "a" above, gives up any defenses to the charge, and understands that there will not be a further trial of any kind. The defendant further understands that in entering a plea of guilty, the Court will ask questions about the offenses to which the plea is entered. The defendant understands that he will be under oath and on the record in answering those questions, and that the

defendant's answers may later be used against him in a criminal prosecution for perjury or false statement if those answers are not truthful.

6. <u>FAILURE TO COMPLY WITH TERMS OF AGREEMENT</u>

If the defendant at any time fails to comply with any of the terms of this agreement in any way, the government shall be released from its promises herein. This includes, but is not limited to, any attempt by the defendant to obstruct justice, for example, by influencing the testimony of a witness or committing new crimes prior to Defendant's sentencing by the court.

This 10th day of December, 2009.

EDWARD J. TARVER
UNITED STATES ATTORNEY

Nancy C. Greenwood
Assistant United States Attorney
Georgia Bar No. 309179

Carlton R. Bourne, Jr.
Deputy Chief, Criminal Division

J. Edward Enoch, Jr., Esq.
Attorney for the Defendant

12/4/09
Date

I have read the foregoing Plea Agreement, consisting of 13 pages, including this page, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

_____
DERRICK D. KING
Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) INDICTMENT NO. CR 109-073 |
| | ) |
| DERRICK D. KING, | ) |
| aka "Dirty Red" and "Dirt," | ) |
| | ) |
| Defendant. | ) |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by the defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This 7th day of January, 2010.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA